**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MOHAMMED ABDUL MAJID,

          Petitioner-Appellant,

    v.

UNITED STATES MARSHAL
BERRYHILL, UNITED STATES
MARSHAL SUEDO, SHERIFF JOHN
WHETSEL, OKLAHOMA COUNTY
DETENTION CENTER,
DR. HARVEY, NURSE RITA,
NURSE DANIEL, NURSE SUE,
NURSE MELINDA PERRY,
CAPTAIN BOBBY CARSON,
SERGEANT CHEETUM,
LIEUTENANT LOGAN, OFFICER
BELL, OFFICER BLOOMER, and
OFFICER YIELGING,

          Respondents-Appellees.

Nos. 06-6116 and 06-6153

(W.D. of Okla.)

(D.C. No. CIV-05-8-M)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material

(continued...)

Petitioner-Appellant Mohammed Majid, proceeding *pro se*,[1] appeals the district court's dismissal of his claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for failure to exhaust administrative remedies. He also appeals the district court's denial of his motion to proceed on this appeal without prepayment of fees. Because Majid did not exhaust available administrative remedies as required under 42 U.S.C. § 1997e(a), we AFFIRM the district court.

## I. Background

Majid is a federal inmate serving a 57-month sentence for interstate travel in aid of racketeering, violating 18 U.S.C. § 1952(a)(3). The instant lawsuit is the result of his alleged mistreatment by federal and Oklahoma state officials during his pretrial incarceration at the Oklahoma County Detention Center (OCDC). Majid alleges that he was (1) denied requested medical treatment, (2) denied his First Amendment right to practice Islam, (3) retaliated against for the exercise of his First Amendment rights, (4) denied access to the courts, and (5) verbally harassed by OCDC officials and two U.S. Marshals supervising his incarceration in the state facility. The district court dismissed all Majid's claims for failure to

---

[**](...continued)
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Majid's appellate filings liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

exhaust available administrative remedies at OCDC. Majid now asks this court to overturn that dismissal and to allow his appeal to proceed *in forma pauperis*.

## II. Discussion

Exhaustion of available administrative remedies is required under the Prison Litigation Reform Act (PLRA) for all prisoner lawsuits with respect to prison conditions, including alleged constitutional violations. 42 U.S.C. § 1997e(a); *Kikumura v. Osagie*, 461 F.3d 1269, 1281 (10th Cir. 2006). The district court properly noted that (1) OCDC administrative relief was available to Majid as demonstrated by his successful use of OCDC grievance procedures on at least one prior occasion, and (2) Majid's contention that OCDC relief was not available to him was without supporting evidence. We agree that Majid has failed to exhaust his administrative remedies.

Accordingly, for the same reasons set forth by the district court in the magistrate judge's report and recommendation, we AFFIRM the district court's dismissal of Majid's § 1983 and *Bivens* claims for failure to exhaust. We further AFFIRM the district court's denial of Majid's motion to proceed on appeal without prepayment of fees and DENY his motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge